United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 10, 2021
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| **TABULA RASA PARTNERS, LLC,** | § Case No. 21-33859 |
| | § |
| Debtor.[1] | § (Emergency Relief Requested) |
| | § |

**ORDER AUTHORIZING THE DEBTOR TO CONTINUE OPERATING ITS CASH MANAGEMENT SYSTEM HONOR CERTAIN PREPETITION OBLIGATIONS, AND (III) MAINTAIN EXISTING BUSINESS FORMS, AND GRANTING RELATED RELIEF**
[Relates to Docket No. 6]

The above-referenced debtor and debtor in possession (the "Debtor") filed its motion (the "Motion")[2] for interim and final orders under sections 105(a), 345, 363, 364, and 503 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, Bankruptcy Local Rule 9013-1(i), and the Complex Case Procedures, authorizing, but not directing, the Debtor to (a) continue using its existing cash management system, (b) pay related prepetition obligations, and (c) maintain existing bank accounts and Business Forms, and grant related relief. The Court has jurisdiction over the Motion and the relief requested in the Motion pursuant to 28 U.S.C. § 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order on the Motion. The relief requested by the Motion is in the best interests of the Debtor, its estate, creditors, stakeholders, and other parties in interest and the Debtor gave sufficient and proper notice of the Motion and related hearings. Upon consideration of the Motion and First Day

---

[1] The Debtor's service address for purposes of this chapter 11 case is 1455 West Loop South, Suite 230, Houston, TX 77027.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

13115733

Declaration and after hearing statements in support of the Motion during proceedings before this Court, the Court finds that good cause exists to grant the requested relief.

It is therefore **ORDERED THAT:**

1. The Debtor is authorized to continue using its existing cash management system. The Debtor shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly.

2. The Debtor is authorized to (a) designate, maintain and continue to use the Chase Account, with the same account number, style, and document forms as are currently employed; (b) deposit funds in, and withdraw funds from, the Chase Account by all usual means, including checks, wire transfers, ACH transfers, direct deposits, and other similar methods; (c) pay ordinary-course Bank Account Claims, including any prepetition amounts, incurred in connection with the Chase Account; (d) perform its obligations under the Chase Account's governing documents and agreements, and (e) treat the Chase Account for all purposes as a debtor in possession account.

3. The Debtor is authorized to continue using the Business Forms; *provided*, however, that once the Debtor's existing check stock has been exhausted, the Debtor shall include, or direct others to include, the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks as soon as it is reasonably practicable to do so; *provided further,* that with respect to any Business Forms that exist or are generated electronically, the Debtor shall ensure that such electronic Business Forms are clearly labeled "Debtor in Possession" within 10 business days after the Petition Date.

4. Subject to the terms of this Order, Chase is authorized, without further order, to continue to administer, service, and maintain the Chase Account as such account was administered, serviced, and maintained prepetition, without interruption and in the ordinary course (including making deductions for bank fees), and to honor any and all checks, wire transfers, ACH

transfers, electronic fund transfers or other items presented, issued or drawn on the Chase Account; *provided, however*, that unless otherwise ordered by the Court, no checks, drafts, electronic fund transfers (excluding any electronic fund transfers that Chase is obligated to settle) or other items presented, issued or drawn on the Chase Account prior to the Petition Date shall be honored.

5. Chase may implement reasonable handling procedures designed to effectuate the terms of this Order. Chase shall not be liable to the Debtor or its estate or otherwise in violation of this Order for honoring a prepetition check, wire transfer, ACH transfer, electronic fund transfer, or other item drawn on any account that is the subject of this Order (a) at the request of the Debtor, (b) in the good-faith belief that the Court has authorized such prepetition check, wire transfer, ACH transfer, electronic fund transfer, or other item to be honored, or (c) as a result of a good-faith error made despite implementation of such handling procedures.

6. Subject to the provisions of this Order, Chase is authorized to honor all representations from the Debtor as to which checks, wire transfers, ACH transfers, electronic funds transfers or other items should be honored or dishonored.

7. All Bank Account Claims arising after the Petition Date shall be afforded priority administrative claim status under section 503(b)(1) of the Bankruptcy Code.

8. To the extent the Chase Account is not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtor shall have until February 3, 2022, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines; *provided, however*, that nothing herein shall prevent the Debtor or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtor may obtain a further extension of the time period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

9. Notwithstanding the relief granted in this Order and any actions or payments made pursuant to such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtor, under the Bankruptcy Code or other applicable nonbankruptcy law; (b) an impairment or waiver of the Debtor's or any other party in interest's right to dispute on any grounds any claim against, or interest in, the Debtor, its property, or its estate; (c) a promise or requirement to pay any prepetition claim; (d) a request or authorization to assume, adopt, or reject any agreement, contract, policy or program, or lease under section 365 of the Bankruptcy Code; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion, this Order or any order granting the relief requested by the Motion; (f) an implication, admission, or finding as to (i) the validity, enforceability, or perfection of any interest or encumbrance on the property of the Debtor or its estate or (ii) the applicability of any exception or exclusion from property of the estate under section 541 of the Bankruptcy Code or other applicable law; (g) an impairment or waiver of any claims or causes of action which may exist against any entity; or (h) an impairment or a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

13. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

13115733

14. The Court retains exclusive jurisdiction with respect to all matters arising or related to the implementation, interpretation, and enforcement of this Order.

Signed: December 10, 2021

_____
Christopher Lopez
United States Bankruptcy Judge

13115733